Colcock, J.
-The point now submitted to the consideration of the court has been determined within the Iasi four years, but as the case is not published and can not be referred to, the court again express an opinion. The common law rule which requires the attendance of the subscribing witness, if to be had, is imperative, and the witness must be produced if alive and within the jurisdiction of the court» The act of 1802 is confined to bonds and notes, and as to them, dispenses with the attendance of subscribing witnesses, unless the defendant will swear the note or bond was not signed by him. (2 Faust, 454.) This act is in derogation of the common law rule, and therefore must be confined to the particular cases therein enumerated. The case before us is not embraced in the act, and therefore the testimony was inadmissible.
The motion is dismissed, (a)

 ■ Seq the: pases collected in Metcalf’s Ed. of Slarkie on Evidence, 11 vol. 330 to 342. The' cases from the different states are collected in the notes. Fro® .the: English oases it appears, if the witnesses are absent from the state or beyond the jurisdiction, it is only necessary to prove the hand writing of one attesting witness. (Adams vs. Ker, 1 Bos. and Pul. 360. Prince vs. Btackburn, 2 East. 250.) But there is said to be a distinction between the case where a witness is dead, and where he is living, but beyond the jurisdiction. In the latter case it was held that the proof of the hand writing of the obligor was necessary. (Hill vs. Unett, 3 Maddock’s Rep. 370.) But Slarkie says, page 340, (hat it is usual to prove the Hand writing of the attesting witnesses, as well as that of the obligor, where the absence of the witnesses is sufficiently accounted for.
In Coghland vs. Williamson, Doug. 93, it was held, in the case of a bond, where a witness had gone to the East Indies, sufficient to prove the signature of the obligor. The case of Mams vs. Ker, above cited was the ease of a bond. In Barnes vs. Trompowsky, 7 D. and E. 261, in the case of a charter party under seal, the court required proof of the hand writing of the witness, who was in Russia, as well as the signature of the < ontracting party ("See also Wallis vs. Delancey, Ib. 262, note (c.) where Lord Kenyon required proof of the signature of the obligor, as well as lhatof the witness. Bui *221 epon reference to the cases the reader will find that the courts have often varied the general rule, to meet the circumstances of cases, under another general rule,that the law Can only require the best evidence which the nature of the case admits of.
See what Enquiry is sufficient to be made for the absent witness to admit proof of hand writing. (1 Starkie on Evi. 338-340, and note (1.)
So, where a witness has subsequently become interested, proof of his band writing is sufficient. (Cunliffe vs. Sefton, 2 East. 183.1 Str. 34. 1 P. W. 289. Swire vs. Bell, 5 T. R. 372. Whittemore vs. Brooks, 1 Greenleaf’s Reports 57.)
So where a witness has since been convicted of forgery. (Jones vs. Mayson, Str. 833.)
In South Carolina, by act of 1802. (2 Faust 453. 1 Brev. Dig. 319,) where the witness to a bond or note shall be absent, the signature of the bond dr note may be proved by other testimony, unless the defendant on filing his plea swear that the signature is not his. And in case of an executor, or administrator defendant, be must swear that he has cause to believe the signature not to be that of his testator or intestate.
it the fJpHifeld ’it sut&diejp ¡ature oí the other potafWusíStóMíti^ijite, In Hopkins vs. Mbtrlon, 2 Bay 484, it was held that in case of a will, of lands it was necessary to prove the hand wilting of all three of the attesting witnesses, who were dead, to satisfy the statute of frag^JUw$^game case the hand writing of two witnesses to signature of one of the grantors being proved, to go to the jury under the circumstances, t! grantor, not being proved, she being an old womai But in Dunlan vs. Beard, 2 Noll and M‘Cord 400, subscribing witnesses to an old will, thirty years ol of their hand writing can be obtained, it will bo sul ture of the testator.
In Cornniell vs. Bickley, 1 M'Cord 466, the court nelcTit^feessary to prove the signatures of both witnesses and the grantor, where they are out of the state or dead.
In Plunkett vs. Bowman, 2 M'Cord 138, the court held, that where the subscribing witness to a bond is dead or out of the state, the proof of the signature of the obligor, as well as of the signature of the witness was neces. sary. It is somewhat surprizing that this decision should have been made without any reference to the act of 1802. It was not meant as a construction of that statute; and must therefore be considered as having been made upon the principles of the common law, by some mistake, overlooking the act of 1802. (2 Faust 453.)
Where the maker of a promisory note only makes his mark, proof ef the, hand writing of the absent subscribing witness is sufficient. (Bussey vs. Whitaker, 2 Nott and M‘Cord 374.
What is a sufficient absence, see (1 Starkie on Evi. 338, and note (1) 340, and note (1.)
Acknowledgements, of the grantor or obligor are inadmissible. (Starkie 330-340. note (b.) see Cunliffe vs. Sefton, 2 East 183.